St. L., A. & T. H. R. R. Co. v. Will.

The St. Louis, Alton & Terre Haute Railroad Company
v. John B. Will.

| 53 | 649 |
| 53 | 652 |
| 53 | 649 |
| 59 | 129 |
| 59 | 543 |
| 53 | 649 |
| 69 | 189 |

1. APPELLATE COURT PRACTICE—*Objections Not Considered.*—The Appellate Court can not consider an objection when the record does not show that an objection was made in the court below.

2. SAME—*Instructions Not Abstracted.*—Instructions omitted from the abstract because they are set up in typewritten copy of the record will not be considered. It is not the privilege of counsel to ignore the rules of this court when such rules, in their judgment, are unnecessary.

3. VERDICTS—*A Finality Under the Law.*—The verdict of a jury is a finality under the law, unless it is manifestly against the weight of the evidence, or is the result of errors of law committed by the court during the progress of the trial.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

F. M. & D. V. YOUNGBLOOD, attorneys for appellant.

JOHN H. BAIN, attorney for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The first error argued and relied upon by appellant relates to the admissibility of the testimony of the witnesses Griffith and Beck. An examination of the record shows that there was no objection interposed to any question asked either of those witnesses, nor was there any motion made to exclude the testimony of either, or to exclude any part of such testimony. It is unnecessary to refer to authorities to show that this court can not consider an objection when the record does not show that an objection was made.

The alleged errors in the giving and refusing of instructions will not be considered for the reason that the instructions are not abstracted. They are omitted from the

abstract, as counsel state, because they are "set out in typewritten copy of the record." While we examine the record in a case carefully, from beginning to end, and might dispense with abstracts altogether in some cases, yet it is not the privilege of counsel to ignore the rules of this court, when such rules, in their judgment, are unnecessary. The following cases sufficiently indicate the effect of omitting from the abstract matters which are relied upon for the reversal of the judgment. Joliet Street Ry. Co. v. McCarthy, 42 Ill. App. 49; C., P. & St. L. Ry. Co. v. Wolf et al., 137 Ill. 360.

The only question remaining for consideration relates to the sufficiency of the evidence to support the verdict.

It seems that Charles Waggoner, with his own horse, and appellee's mule and wagon, was about to cross appellant's track, with a light load consisting of three door-frames and six window frames, when both animals were killed in consequence of the collision of the wagon-tongue with one of the cars of a passenger train. The track at this crossing was in a cut, with an embankment south of the crossing on the side from which Waggoner was approaching. The wagon road descended from the west to the railroad track. Waggoner, who was coming from the west, could not see the train which was approaching from the south, till he was within a few feet of the track. He succeeded in stopping the animals so as to avoid contact with the engine and tender, but not with the car, which struck the end of the wagon-tongue, with the result hereinbefore stated.

The negligence relied upon was the failure to ring the bell or sound the whistle, and the unlawful rate of speed at which it is said the train was moving. It is the old story which has been heard so often on the trial of these cases. The engineer and fireman swear to a strict compliance with the mandates of the law. According to their testimony the whistle was sounded, the bell was rung continuously for eighty rods before the crossing was reached, and the speed of the train was less than the limit imposed by the ordinances of Murphysboro, within the corporate limits of which city the accident occurred. The testimony of the

engineer and fireman is corroborated in part by the testimony of three other witnesses.

On the other hand, appellee's witnesses, about ten in number, some swearing positively, and others with less assurance, tell us that the bell was not rung, that the whistle was not sounded, and that the train was running at a rate of speed prohibited by the ordinances. One witness swears that the engineer stated that the fireman did not ring the bell. The engineer says that he did not make this statement.

Here was a conflict of the evidence on vital points, and it was the province of the jury to weigh the testimony and to find the facts therefrom. We do not mean that the decision of the jury is to be invoked to relieve this court from the responsibility of passing upon the evidence. We have no disposition to evade such a responsiblity whenever the law imposes it upon us. But the law does not esteem the verdict of a jury as a mere form, an empty and meaningless collection of words, which an appellate court can disregard whenever, in the opinion of the court, the evidence preponderates, though ever so slightly, against the verdict. On the contrary, the verdict of a jury is a finality under the law, unless it is manifestly against the weight of the evidence, or is the result of errors of law committed by the court during the progress of the trial.

We are satisfied with the verdict, and the judgment is affirmed.