Miller v. Potter.

HARKER, J., dissents.

## Henry J. Miller and John L. Murphy v. Ellsworth S. Potter.

1. PRACTICE—*Objections to Evidence.*—If a party litigant sued jointly with his attorney desires to present to the court the question as to whether the transactions and declarations of his attorney relating to the

subject-matter of the suit are evidence against him, he should make his objections on that ground, and ask to have the effect of the evidence limited to his co-defendant. A general objection is not sufficient.

2. SAME—*Objections Must be Made in Apt Time.*—An objection to the admission of evidence not made on the trial in the court below can not be made in the Appellate Court.

**False Imprisonment and Malicious Prosecution.**—Error to the Circuit Court of Bureau County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

GIBBONS & GIBBONS, GEO. M. STIPP and J. L. MURPHY, attorneys for plaintiffs in error.

FRED. S. POTTER, attorney for defendant in error.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Defendant in error brought suit against plaintiffs in error and others for false imprisonment and malicious prosecution. The suit was dismissed as to the other defendants, and there was a recovery for $500 against plaintiffs in error, who have brought the record here with an assignment of seventy alleged errors indorsed upon it. The list of supposed errors, although so formidable, may, however, be embraced under the ordinary heads that the court erred in rulings on the admission of evidence; that the verdict was contrary to the evidence, and that there was error in giving, modifying and refusing instructions.

The defendant Henry J. Miller, signed and swore to a complaint before a police magistrate of Spring Valley in Bureau county charging plaintiff with the larceny of certain buggies from said Henry J. Miller, assignee of F. E. Mason & Co. The defendant John L. Murphy, was attorney for Miller and made personal investigation of all the facts and grounds for commencing the prosecution. He drew the complaint, procured the warrant in July, 1891, and took it to Peoria county to have it executed, had the control of it, and had it returned to him in August, and

Miller v. Potter.

finally in September gave it to a constable of Bureau county who went to Peoria and arrested plaintiff.

Objection is made to the admission of evidence of conversations and transactions with the attorney touching the prosecution and its purpose, when the defendant Miller, who was his client, was not present. No objection was made upon that ground or on behalf of Miller alone at the trial. Such objections as were made were by both defendants and for general incompetency of the evidence. They were properly overruled. If the defendant Miller wished to present to the court the question whether transactions and declarations of his attorney in the matter were evidence against him he should have made objection on that ground, and asked to have the effect of the evidence limited to his co-defendant. Plaintiff was a traveling salesman for Bauer-Walter Buggy & Carriage Co., of St. Louis, Mo., and took from Miller two lots of buggies in the same transaction under a claim that they belonged to that company. It is objected that evidence was admitted of the whole transaction, while the arrest was only for stealing one lot. The defendants knew of the entire transaction, and in fact claimed to have gained the information, on which the complaint was made, from what occurred in taking the second lot. There was no error in admitting the evidence.

Plaintiff was allowed to show that he remitted the proceeds of the buggies to his principal, the Bauer-Walter Co., and this was competent, since he claimed to have taken them in good faith as the property of that company, and that fact tended to substantiate the claim. It was shown that defendants knew the fact, and knew before the prosecution that the insolvent firm had received from the company the notes given for the buggies.

Objection is also made that plaintiff was allowed to testify that he was served with process in a civil suit when he came to Bureau county in pursuance of his recognizance, and that he was subsequently arrested at the instance of defendants on the same charge. It is said that the evidence was not the best that might have been produced, but it is

now too late to make that objection, which was not pre-
sented at the trial.  It is also urged that evidence of the
subsequent arrest was not competent, but we think it proper,
on the question whether there was a vindictive spirit
manifested in continued ineffectual efforts at prosecution.

The foregoing are all the objections to evidence which
seem worthy of notice in this opinion.  The verdict does
not seem to have been against the evidence.  The following
facts appeared on the trial:  The Bauer-Walter Buggy &
Carriage Co. had sold to F. E. Mason & Co. in October, 1890,
several buggies, a phaeton and a surrey, and had taken notes
of that firm for the purchase price due July 1, 1891.  F. E.
Mason & Co. made a general assignment for the benefit of
creditors December 31, 1890, to the defendant Miller.  The
insolvent firm had three stores, one at Spring Valley in
Bureau county, one at Tonica in La Salle county, and one at
Hennepin in Putnam county.  One of the vehicles had
been sold and the rest were at Spring Valley and Hennepin,
part in each place.  A few days after the assignment was
made the plaintiff proposed to Frank E. Mason, a member
of the insolvent firm, that they should change the contract
of sale into a commission contract under which the vehicles
would have been held by that firm for sale on commission
so as to enable the Buggy & Carriage Co. to reclaim them
as their property.  The defendant Murphy had prepared
the assignment, and Mason desiring his counsel as to the
status of commission goods, the parties went to his office for
that purpose.  Mr. Murphy informed them that if the
vehicles were commission goods the owners could take
them.  The assignee's inventory had been prepared by him
and he was acting as attorney for the assignee.  It had been
sworn to, but had not been filed in the County Court.  The
evidence for plaintiff was that Murphy thought the vehicles
could be taken if they had not been included in the assignee's
inventory, and that plaintiff and Mason looked over the in-
ventory and thought that they were not so included.  There-
upon the proposition of plaintiff was accepted and Mason
gave him an order on Carrie E. Mason, who was in possession
of the store in Hennepin, to deliver the buggies at that place.

Plaintiff got all the buggies in both stores in pursuance of that arrangement and disposed of them. Nearly seven months afterward the defendants, having learned the facts, and that the vehicles having been sold outright to F. E. Mason & Co., the parties had attempted to change the form of the transaction into a commission contract for the advantage of the Buggy & Carriage Co., they made the complaint and procured the warrant in question. Defendant Murphy took the warrant to Peoria county and there sued out a writ of attachment against plaintiff and the Buggy & Carriage Co. The attachment writ was not served. Plaintiff, when arrested, entered into recognizance and afterward appeared in Bureau county in obedience to his recognizance, when he was served with process in a civil suit in the same matter. The grand jury had already ignored the charge, but plaintiff did not know that fact. The purpose of the prosecution was declared to be to get service on plaintiff or jurisdiction of the Bauer-Walter Buggy & Carriage Co. in a civil suit.

Although the transaction between plaintiff and the insolvent firm after the assignment was illegal, there was no probable cause for the prosecution for larceny, and the motive which prompted it was not justifiable. The verdict was right and the amount awarded not excessive.

The errors assigned upon the giving, refusing and modifying of instructions will not be considered for the reason that only a part of the series of instructions given to the jury are contained in the abstract. The greater part of them are merely indexed, so that it does not appear from the abstract what the instructions were as a whole, nor how the others may have qualified those complained of. It is necessary in order to pass on the questions raised that the whole series should be considered, and everything necessary to a consideration of the errors assigned must be contained in the abstract. Miller v. Newell, 29 Ill. App. 192; Partlow v. I. C. R. R. Co., 51 Ill. App. 597; St. L., A. & T. H. R. R. Co. v. Will, 53 Ill. App. 649.

In this case we would have no objection to passing upon

the instructions, but we see no way of enforcing the rule except by a refusal to do so.

We think that the judgment should be sustained and it will be affirmed.

MR. PRESIDING JUSTICE LACEY took no part in this case.