## John Leverenz and Christ Leverenz v. David W. Elder.

1. APPELLATE COURT PRACTICE—*Burden of Making an Abstract upon Appellant.*—The burden of making a sufficient abstract is upon the appellant, and he must show by it the points relied upon to reverse the judgment of the court below.

**Assumpsit,** money had and received. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

A. R. HILL, attorney for appellants.

WILSON & BUCKINGHAM, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellee recovered a judgment against appellants in the sum of $610, for so much money obtained by them from him while he was, as he alleged, so stupefied from the effects of intoxicating liquor that he was unable to comprehend what was occurring.

The defense sought to be made was, the appellee, who was a farmer and resided in the State of Ohio, while in Danville upon a temporary visit, purchased of the appellants the stock in trade and fixtures of a saloon called the "Road House,"

owned by one of the appellants, and paid the money in question therefor.

We quote from brief of appellant's counsel, as follows:

" The only question for the jury to try was, whether or not the plaintiff was so drunk that he didn't know what he was doing at the time he purchased the saloon and fixtures at the Road House of the defendants, John and Christ Leverenz."

They ask us to hold the finding of the jury upon this question was manifestly against the weight of the evidence. This involves the consideration of the testimony upon which the jury acted.

Had nothing been proven beyond what appears in the abstract of the testimony prepared in behalf of the appellants perhaps doubts would arise as to the correctness of the conclusion arrived at by the jury.

But the abstract is so unfair as to be wholly unreliable.

The testimony of the appellee, which occupies fifty-eight pages of the type-written record, from which it would appear he, while temporarily in Danville, engaged in a drunken debauch which lasted for three or four days and nights, and in which he was joined by the appellants and one Dudenhoffer, who assisted the appellants in the alleged transaction of the sale of the saloon, and that during the debauch he (the appellee) drank so copiously and constantly that he became unable to comprehend any business affair whatever, and finally fell into a condition of insensibility from which he was aroused by the aid of a physician, and that he knew and comprehended nothing relating to the alleged purchase of the saloon or the payment of money therefor, until informed after he regained the use of his faculties, etc., is compressed into the limits of nine lines in the abstract, and in no one of these lines is anything to be found indicating that the appellee testified he had drank any intoxicating liquor whatever.

The testimony of the physician who examined appellee, which was in substance he found the plaintiff in a stupefied condition from the effects of intoxicating liquors or narcotics,

etc., his faculties numb, and that he would only answer questions when aroused, and then not intelligibly, is so abstracted as to make it appear the physician testified the plaintiff was not so drunk but that he knew what he was at.

The testimony of R. M. Jackson, which was that appellee took meals at his restaurant on several different days; was sober the first day and drunk on every other occasion when he saw him; was so drunk on Saturday before the Monday on which it is claimed the alleged trade was made that "he didn't know anything, and had to be roused up and made to pay for his meal; that the witness saw appellee on the Monday in question and that he was still drunk, "stupid drunk," etc., is so abstracted as to make it appear the witness stated nothing material except that he did not know whether appellee was drunk or not when the alleged trade was made on Monday. These instances may serve to characterize the entire abstract.

The appellee has filed an additional abstract and his counsel argue it appeared from the evidence the appellants, together with another who acted with them, induced the appellee to drink liquors until he reached a condition of irresponsibility and then obtained his money under a pretense he had bought the fixtures and stock of a saloon owned by one of the appellants.

We have examined the testimony sufficiently to satisfy us the jury were warranted in regarding this theory established by the proof.

Appellants insist there was no evidence tending to connect Christ J. Leverenz with the transaction.

This position is supported by their abstract, from which all reference to the testimony which tended to show Christ J. Leverenz acted in concert with the other appellant in the affair and which distinctly and without dispute showed he obtained the money in question from the plaintiff is carefully omitted.

It is complained the court erroneously modified an instruction asked by the appellant, which instruction counsel say will be found on page 255 of the record. Neither the brief

no: abstract indicates in what manner the instruction was modified.

Moreover, no instruction asked by the appellants or given in their behalf appears upon page 255 of the record.

It is complained the court refused to give instruction No. 10, page 261 of the record. The sole argument in support of the complaint is the instruction "lays down the law," so we can not identify the instruction therefrom nor can we do so from the number or page given. The record is not paged after page 258.

Counting from that we find page 261, and find it devoted wholly to instructions given on behalf of the appellee.

We find another page which had been numbered 261 in pencil, but the figures have been so nearly erased as to be barely discernible. On that page we find two instructions asked by the appellants and refused by the court, but neither of them is numbered 10 or given any other number.

We do not know whether either of these instructions is the one referred to, but find the principle sought to be announced in each of them fairly presented in other given instructions. No instruction refused by the court and numbered 10 is found in the record.

It does not appear from the abstract the court was requested to exclude the testimony of any witness or made any ruling as to the admissibility of such testimony. Hence, no question of that nature is before us for decision.

The judgment is affirmed, and it is ordered the cost of printing the additional abstract filed by the appellee be taxed to the appellants.

Judgment affirmed.