## Carrie Kinsella v. Ida Cahn et al.

1. Waiver—*Of Defects in a Service.*—Where a defendant in a foreclosure proceeding appears and demurs to the bill, which is overruled, and answers, defects in the summons and sheriff's return of service are waived.

2. Equity Practice—*Practice Before the Master.*—It is the duty of counsel to interpose objections to the master's report, if he has any, so as to afford the master an opportunity to modify his report, if it is wrong, and if the master, after hearing the objections, declines to change his report, it is the duty of the objecting party, after the report has been filed in court, to file his objections there. When this has not been done and no sufficient reason assigned for not doing so, the report of the master, when approved, will be deemed conclusive upon the questions covered by it.

Foreclosure Proceedings.—Appeal from the Circuit Court of Cook County ; the Hon. Edward F. Dunne, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed November 7, 1899.

L. M. Ackley, attorney for appellant.

Felsenthal & D'Ancona, attorneys for appellees.

Mr. Justice Freeman delivered the opinion of the court.

This is an appeal from a foreclosure decree. It is first insisted by appellant that the court erred in denying a motion to quash the sheriff's return of service and the summons, upon the ground that the copy served was not properly certified.

It is sufficient to say that even if it should be conceded that the point is well taken, it has been waived. Appellant subsequently appeared, and a special demurrer to the bill having been overruled, filed her answer.

' The cause was in due course referred to the master. The report of the latter included in the amount found due an allowance for solicitor's fees. The amount so allowed was the sum expressly provided for in the trust deed to be paid out of the proceeds of sale in case of default in payment of the note thereby secured. In Abbott v. Stone, 172 Ill. 635–639, it is said: "The amount allowed for solicitors' fees was the amount agreed upon in the trust deed, and it does not appear to be unreasonable."

The trust deed also provides for all other expenses of the trust, including moneys advanced for insurance, taxes and other liens. The master, it is said, allowed $17.50 for continuation of an abstract. The court had no power to allow the expense of obtaining an abstract in the absence of authority in the trust deed. Cheltenham Imp. Co. v. Whitehead, 128 Ill. 279–285. It does not appear, however, that appellant filed any objection or took any exception to this item of the master's report, and the error must be deemed waived. It is the duty of counsel to interpose objections, if they have any, so as to afford the master an opportunity to modify his report if it is wrong. If in such case the master, after hearing the objections, declines to change his report, it is the duty of the objecting parties, after it has been filed in court, to file exceptions there.

When this has not been done, and no sufficient reason assigned for not doing so, the report of the master when approved by the court will be deemed conclusive upon the questions covered by it. Jewell v. Rock River Paper Co., 101 Ill. 57. Appellant is precluded from making the objection here. Cheltenham Imp. Co. v. Whitehead, 126 Ill. 279–285.

No question affecting the merits is suggested. It is not denied that the debt secured by the trust deed is justly due and payable.· The decree appears to be substantially correct, and it must be affirmed.