ENNO STAUDE *et al.*

*v.*

ELVIRA SCHUMACHER *et al.*

*Opinion filed October 19, 1900.*

PRACTICE—*appellant must furnish abstract of record complying with rule.* The party bringing a case to the Supreme Court for review must furnish a complete abstract of the record, properly indexed, such as will fully present the errors relied upon and be sufficient for the examination and determination of the questions involved without resort to the written record.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. M. W. SCHAEFER, Judge, presiding.

UPTON M. YOUNG, ALEXANDER YOUNG, and WILLIAM H. BENNETT, for plaintiffs in error.

CHARLES T. MOORE, and JAMES A. WATTS, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

The complainants filed a bill in chancery in the circuit court of Washington county, "the single object of which," as stated in their brief filed in this court, "is to cancel

the last will and testament of Robert Staude, deceased, to set aside the probate thereof and distribute the estate of said Robert Staude according to law." The court sustained a demurrer thereto, and the complainants electing to stand by their bill, a decree was entered dismissing the bill, and for costs. This writ of error is sued out to reverse such decree.

In conflict with the complainants' brief the abstract states: "The prayer of the bill is in the usual form in such cases, and asks for the cancellation of the will and codicils of said *Augustus* Staude, deceased." The exhibits attached to the bill are not abstracted, the abstract contains no assignment of error and is not indexed.

The rules of this court require the party bringing a cause into this court to furnish a complete abstract or abridgment of the record, properly indexed,—such an abstract as will fully present every error and exception relied upon, and sufficient for the examination and determination of the case without an examination of the written record. In the case of *Gibler* v. *City of Mattoon*, 167 Ill. 18, we said (p. 22): "It is the duty of parties bringing cases here for review to prepare and file complete abstracts of the record in accordance with the rules, and such abstracts as we can safely rely upon. It is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome."

The decree must be affirmed for want of a complete abstract. We have, however, carefully read the briefs, from which it appears there is no substantial error in the decree, and no error which, in the present state of the record, can be availed of by plaintiffs in error.

The decree will be affirmed.          *Decree affirmed.*