ANGIE TRAEGER

v.

THE MUTUAL BUILDING AND LOAN ASSOCIATION et al.

*Opinion filed February 20, 1901.*

1. APPEALS AND ERRORS—*opinion of Appellate Court is no part of its record.* The opinion of the Appellate Court is no part of the record, and error cannot be assigned thereon in the Supreme Court.

2. SAME—*when abstract of record is insufficient.* A bill to review a former decree should set out the record sought to be reviewed or a copy thereof should be attached to the bill as an exhibit, and on appeal or error the same should be abstracted and not merely referred to by the number of the page where the different matters may be found in the record.

*Traeger* v. *Mutual Building, etc. Ass.* 60 Ill. App. 443, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ROSENTHAL, KURZ & HIRSCHL, for plaintiff in error.

F. WILLIAM KRAFT, and M. L. RAFTREE, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

On January 28, 1892, the plaintiff in error filed a bill in chancery in the superior court of Cook county against the defendants in error, which, as amended, sought to review a former decree of said court entered in a suit in chancery wherein plaintiff in error was the original complainant, for error apparent upon the face of the record. The superior court dismissed the bill for want of equity, which order of dismissal has been affirmed by the Appellate Court for the First District, and the case is here on writ of error to that court.

The counsel for plaintiff in error in their brief say: "The Appellate Court affirmed the case simply because

of the insufficiency of the abstract, and hence the only proposition to which we now address ourselves in this court is that the abstract was sufficient, for if so it prove to be, then, under repeated precedents, this court will not then hear the case at present on the merits, but will remand it to the Appellate Court to be there dealt with upon the merits."

The writ of error was not dismissed by the Appellate Court for want of a sufficient abstract, but the decree of the superior court was by the Appellate Court in all things affirmed. The opinion of that court is no part of the record in this case, and error cannot be assigned in this court thereon. In *Ohio and Mississippi Railway Co.* v. *Wangelin*, 152 Ill. 138, on page 140 we say: "The brief of appellant is largely devoted to a criticism of the opinion filed in the Appellate Court. That opinion is not a part of the record. (*Fuller* v. *Bates*, 96 Ill. 132; *Coalfield Co.* v. *Peck*, 98 id. 139; *Harzfeld* v. *Converse*, 105 id. 534; *Cummins* v. *Holmes*, 109 id. 15; *Moore* v. *Williams*, 132 id. 591.) * * * Our concern is with what it decided,—not with the reasons it gave for its decision; and to determine what it decided we must look at the judgment it rendered. We there find that it affirmed the judgment of the circuit court 'in all things.' This court would have no right to reverse a judgment of that court because of the reasons it assigned for its judgment.—*Christy* v. *Stafford*, 123 Ill. 463; *Dunham Towing and Wrecking Co.* v. *Dandelin*, 143 id. 409."

In a bill brought to review a decree it is necessary to set out the bill, answer and decree in the former proceedings, and the particulars in which the party exhibiting the bill of review conceives himself aggrieved by it. When the substance, only, of the former proceeding is stated, a copy thereof should be attached to the bill. A mere skeleton of the record to be reviewed will not suffice. (*Griggs* v. *Gear*, 3 Gilm. 2; *Ebert* v. *Gerding*, 116 id. 216; *Aholtz* v. *Durfee*, 122 id. 286.) In *Turner* v. *Berry*, 3 Gilm. 541, the court say (p. 544): "From the very nature of the

proceeding it is manifestly necessary to state all of the proceedings in the original cause except the evidence on which the court found the facts on which it proceeded to render a decree." And in *Axtell* v. *Pulsifer*, 155 Ill. 141, on page 150 it is said: "When the court is asked to determine whether error is apparent upon the face of the decree, there should be brought before it for inspection the record of the proceedings of the suit in which the error is alleged to exist."

In the case at bar the record of the former suit sought to be reviewed,—consisting of the original bill, answer, cross-bill, the answer thereto, the master's report, the decree of sale and the decree approving the sale,—was attached to the bill as an exhibit and occupies more than one hundred pages of the record filed in this case. The abstract of the record filed does not attempt to abstract that part of the record, and consists only of an index giving the pages of the record where the different parts can be found in the record. The abstract is wholly insufficient. Under the practice as adopted in this State it was necessary that the plaintiff in error set out the record sought to be reviewed in her bill or attach the same as an exhibit thereto. In order that the court may examine the same it should have been fully abstracted, so that the court would not be required to go to the record. In *Staude* v. *Schumacher*, 187 Ill. 187, we say (p. 188): "The rules of this court require the party bringing a cause into this court to furnish a complete abstract or abridgment of the record, properly indexed,—such an abstract as will fully present every error and exception relied upon, and sufficient for the examination and determination of the case without an examination of the written record." And in *Gibler* v. *City of Mattoon*, 167 Ill. 18, it was said (p. 22): "It is the duty of parties bringing cases here for review to prepare and file complete abstracts of the record in accordance with the rules, and such abstracts as we can safely rely upon. It is not our duty to per-

form this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome."

From aught that appears the case was correctly decided upon the merits. This court will not search the record for error not pointed out in the briefs and shown by the abstract.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*