Douglass v. Miller.

### Thompson Y. Douglass v. Fred Miller.

1.  APPELLATE COURT PRACTICE—*Appellant Must Furnish a Sufficient Abstract.*—A party bringing a cause to the Appellate Court is required to furnish a complete abstract or abridgment of the record which will fully present every error and exception relied upon, and sufficient for the examination and determination of the case without an examination of the written record.

2.  TAXES—*Recovery of, When Paid by the Mortgagee upon Mortgaged Premises.*—In a proceeding to foreclose a mortgage, the mortgagee is entitled to be allowed the amount advanced by him for taxes on the mortgaged premises, and the same is properly included in the decree.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

FREDERICK J. FADNER, solicitor for appellant.

FELSENTHAL & FOREMAN, solicitors for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal is said, in appellant's brief, to be in the case of " an ordinary foreclosure in which the errors assigned upon appeal are erroneous findings and provisions in the decree." It is insisted upon by the appellee that the abstract of the record filed herein is wholly insufficient, and he invokes the rule frequently announced. by the Supreme Court and this court that a party bringing a cause into an Appellate Court is required to furnish a complete abstract or abridgment of the record—such an abstract as will fully present every error and exception relied upon and sufficient

for the examination and determination of the case without an examination of the written record; that it is not the duty of the appellate tribunal to perform the work of counsel, and that a failure to make a sufficient abstract is sufficient reason for affirming a decree, citing: Traeger v. Mutual Bldg. Ass'n, 189 Ill. 314; Staude v. Schumacher, 187 Ill. 187; Packard v. Chicago Title & Trust Co., 67 Ill. App. 598; Woven Cord Bed Spring Co. v. Coxedge, 50 Ill. App. 334.

We find, upon an examination of the abstract which appellant has filed, that it is defective in almost every particular which appellee has specifically pointed out. And we are not at liberty, even were we so disposed, to overlook the defects, and we ought to affirm the decree on that ground alone.

The objections to the decree that are argued are, however, few, and we will briefly notice them.

The errors complained of are five in number, viz.: As to taxes found to be due; as to interest allowed; solicitor's fees awarded; the amount due under a second mortgage is not ascertained, and the master's fees are left undetermined.

As to the first, the abstract shows that appellee testified, without objection, that he paid $26.45 for taxes, and the master reports that appellee should be allowed $26.25 for taxes advanced by him. Whether taxes were rightfully allowed by the master or not was not a matter called to the attention of the chancellor below by either objections filed before the master or by exceptions filed in court to the master's report. Without this having been done the report of the master will be deemed conclusive as to all subjects included in it, not excepted to. Cheltenham Improvement Company v. Whitehead, 128 Ill. 279; Kinsella v. Cahn, 85 Ill. App. 382.

As to the complaint of interest that was allowed, appellant says that it was obviously wrong to allow interest at six per cent on part of the debt and seven per cent on part. This might or might not be so if we could see the provisions of the trust deed or notes secured thereby, but there is

nothing in the abstract to enlighten us in that respect. Counsel for appellee, in their brief, satisfactorily explain the matter, and no reply has been made by appellant.

As to the next point, that error was made in the allowance of solicitor's fees, it is argued that the solicitor's fee of $175, as allowed by the decree, can only be sustained where paid or agreed to be paid. The trust deed provided that "customary and reasonable solicitor's fees" should be allowed in case of a foreclosure, and must control. This was a matter upon which evidence was heard by the master, ranging from $150 to $200, and we are not justified in setting aside a decree based upon his report that $175 was a reasonable and customary sum where the mortgage is for $1,750, and there was no evidence except such as we have stated.

We do not find sufficient in the abstract upon which the last two points made by appellant can be based, although upon what is there we discover no error.

The decree will be affirmed.