# Wilhelmina Kiesewetter v. Supreme Tent of the Knights of the Maccabees of the World.

## Gen. No. 11,113.

1. MOTION FOR NEW TRIAL—*exception essential to review overruling of a.* An exception must be taken at the time a motion for a new trial is overruled and must be so shown to have been taken by the bill of exceptions in order to review the action of the court in overruling such motion.

2. BILL OF EXCEPTIONS—*how construed.* A bill of exceptions is the pleading of the party presenting it, and all uncertainties and omissions therein are charged to him, and if it fails to show error, his appeal will be of no avail.

3. PRESUMPTIONS—*where evidence is admitted at the trial and not contained in the record on appeal.* Where by-laws have been admitted in evidence at the trial and are not contained in the record filed on appeal, the reviewing tribunal will not only hold that the trial court did not err in admitting such by-laws in evidence, but, also, that if before it, they would show that they were in force at the time of the suicide relied upon as a defense to the case, and contained provisions and stipulations which would sustain the court in having directed the jury to return the verdict rendered.

4. REVIEW—*when appellate tribunal will not.* An appellate tribunal will not review a cause where it affirmatively appears that as presented on review it differs from the case passed upon by the trial court.

Action of assumpsit upon benefit certificate. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed January 25, 1904.

**Statement by the Court.** Appellant is the beneficiary in a certificate issued by appellee February 6, 1894, upon the life of her husband in the sum of $3,000. The assured while in good standing as a member of the order, on September 15, 1898, committed suicide. In the proofs of death, which are signed and sworn to by appellant, to the question, " Immediate cause of death ? " the reply is " strangulation by hanging himself." The evidence sustains this statement.

The payment of this benefit, as shown by the certificate, is to be made to the beneficiary " provided he (the assured)

shall have in every particular complied with the laws of the order now in force, or that may hereafter be adopted."

One of the defenses interposed in the suit was that the by-laws of the order provided " that in case of suicide all assessments paid to the Supreme Tent by such member shall be paid back to the beneficiary named in the certificate, and such amounts shall be the full amount that can be claimed in such case." When the by-laws were offered in evidence, appellant entered a general objection; the court overruled the same, to which ruling appellee excepted; and the by-laws " were received in evidence." When the above quoted part of the by-laws was read to the jury, a juror asked counsel for appellee, " Was this in force when the policy was issued?" He answered, " No, sir; when he died."

Counsel for appellee admitted that the assessments paid by the assured to the Supreme Tent, with interest from the date of the filing of the proofs of death, amounted to $158. Thereupon the court instructed the jury to find a verdict in favor of appellant in the sum of $201.07. They did so, and a judgment was rendered thereon. From that judgment appellant perfected this appeal.

Henry M. Seligman, for appellant.

H. H. C. Miller and W. S. Oppenheim, for appellee.

Mr. Justice Ball delivered the opinion of the court.

When the court overruled the motion for a new trial appellant did not except thereto; but, after judgment was entered, and "upon the same day," she entered one exception to both orders. Since the case of Gibbons v. Johnson, 3 Scam. 63, the uniform rule in this state has been that an exception to any ruling of the trial court is futile unless it is taken at the time the ruling is made; and the bill of exceptions must affirmatively show that it was taken at that time. Dickhut v. Durrell, 11 Ill. 84; Pottle v. Mc-Whorter, 13 Ill. 454; E. St. L. El. Ry. Co. v. Cauley, 148

Ill. 490. It follows that the action of the court in overruling the motion for a new trial cannot be assigned for error.

A bill of exceptions is the pleading of the party presenting it. All its uncertainties and omissions are charged to him. If it fails to show error, his appeal is of no avail. Garrity v. Hamburger Co., 136 Ill. 499. "To overcome the presumption that the ruling of the trial court was right, the bill of exceptions must affirmatively show that error was committed." Ittner Brick Co. v. Ashby, 198 Ill. 565.

The by-laws put in evidence do not appear in the abstract, nor are we able to find them in the record. Hence, we must hold that the trial court did not err in admitting such by-laws in evidence; and that, if before us, they would show they were in force at the time of the suicide and contained provisions and stipulations which sustain the court in directing the jury to return the verdict they rendered. Culver v. Schroth, 153 Ill. 443; Staude v. Schumacher, 187 Ill. 187; City E. Ry. Co. v. Jones, 161 Ill. 47; Severenz v. Elder, 65 Ill. App. 80; Douglass v. Miller, 102 Ill. App. 345.

We cannot review a case where it affirmatively appears that as presented to us it differs from the case passed upon by the trial judge. Dean v. Ford, 180 Ill. 311; City of Alton v. Lavenue, 81 Ill. App. 141.

The judgment of the Circuit Court is affirmed.

*Affirmed.*