## THE A. N. KELLOGG NEWSPAPER COMPANY
### *v.*
### CORN BELT NATIONAL BUILDING AND LOAN ASS'N *et al.*

*Opinion filed June 23, 1904.*

APPEALS AND ERRORS—*appellant must furnish a complete abstract.* One bringing a case to the Supreme Court must furnish a complete abstract of the record, properly indexed, sufficient for the determination of the errors and exceptions relied upon without an examination of the record, in default whereof judgment will be affirmed.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. W. G. KELLOGG, Judge, presiding.

THORNTON & CHANCELLOR, (PARK PHIPPS, of counsel,) for plaintiff in error.

ECKHART & MOORE, and THOMAS W. ROBERTS, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The Corn Belt National Building and Loan Association filed its bill on February 22, 1900, to foreclose a mortgage in the circuit court of Douglas county, making Samuel A. Richmond, Sarah E. Richmond and the A. N. Kellogg Newspaper Company, a corporation, defendants. This mortgage was executed by Richmond and wife June 6, 1898, to secure an indebtedness of $2000, and recorded in the proper office on June 11, 1898. Answers were filed and such proceedings had that a decree of foreclosure was entered, which is thus set out in the abstract: "Decree of foreclosure 'subject to the estate in fee worth $1000 owned by Sarah E. Richmond.'" Nothing further appears in the abstract in reference to this decree. The A. N. Kellogg Newspaper Company brings the record here by writ of error, and it is said that the "estate in fee worth $1000," above referred to, is an es-

tate of homestead, to which the circuit court held Sarah
E. Richmond entitled.

The newspaper company, by its brief and argument
in this court, insists there is error in the decree, for the
reason that Sarah E. Richmond's estate of homestead
had been extinguished and the decree should not have
been subject to that estate.   The manner of its divesti-
ture, as stated in the brief and argument of plaintiff in
error, was this:  On the seventh day of November, 1899,
this company recovered a judgment in the circuit court
of Cook county against Samuel A. Richmond for $16,-
943.50.  Execution issued to the sheriff of Douglas county,
and a levy was made upon the real estate in question as
the property of Samuel A. Richmond.   Sarah E. Rich-
mond was the wife of Samuel A. Richmond, and was then
occupying the property as a residence and was entitled
to an estate of homestead therein, as her husband had
deserted her.   On April 7, 1900, the premises were sold
under this execution for the sum of $5000 to Charles S.
Thornton and a certificate of purchase issued to him.
On May 2, 1901, the sheriff paid to her, and she accepted,
$1000 in satisfaction of her estate of homestead, and
thereafter a sheriff's deed issued to Thornton.   The ab-
stract shows a receipt given by her, which recites the
payment of $1000 on May 2, 1901, by the sheriff "as home-
stead interest in the matter of sale on execution in case
of *Kellogg Newspaper Co.* v. *S. A. Richmond,* execution is-
sued out of superior court of Cook county, Illinois, said
homestead interest being paid me as the wife of S. A.
Richmond, defendant in said execution.", Mrs. Richmond,
still occupies the premises as a residence.

The abstract does not show any judgment entered
in the superior court of Cook county nor any execution
issued out of that court.   Counsel for defendant in error
Sarah E. Richmond state that there is but one execution
shown by the transcript; that this execution issued out
of the circuit court of Douglas county; that no levy what-

ever is endorsed thereon, but, on the contrary, it bears a return of *nulla bona.* The abstract is a mere index. The portion of it which purports to show the judgment, execution, levy, sheriff's deed and other instruments pertaining to the sale under execution, is as follows:

"45-46 Ex. F. Confession and execution in case of Kellogg Newspaper Company *v.* Samuel A. Richmond, Circuit Court, Douglas county.

47 Ex. G. Certificate of levy.

48 Ex. X. Warranty deed, Samuel A. Richmond to Sarah E. Richmond, dated the 5th day of *August,* A. D. 1895.

49-52 Ex. Y. Warranty deed, Sarah E. Richmond to Samuel A. Richmond, dated the 30th day of *November,* A. D. 1895.

Copy of Douglas county judgment.

53 Certificate of levy.

54-56 Appointment of commissioners, oath and appraisement.

57 Certificate of purchase.

58 Stipulation to consider certain papers in evidence.

59 Sheriff's deed on execution."

This is not a compliance with the rules of this court, and it is impossible to determine from this meager and insufficient abstract whether the court below erred.

"The rules of this court require the party bringing a cause into this court to furnish a complete abstract or abridgment of the record, properly indexed,—such an abstract as will fully present every error and exception relied upon, and sufficient for the examination and determination of the case without an examination of the written record." *Staude* v. *Schumacher,* 187 Ill. 187; *Traeger* v. *Mutual Building Ass.* 189 id. 314.

As the errors assigned are not made to appear by the abstract, the decree of the circuit court will be affirmed.

*Decree affirmed.*