## Charles F. Johnson v. Daniel Hartman.

1. REPLEVIN—*when justice has jurisdiction of action of.* A justice of the peace has jurisdiction of an action of replevin for the recovery of personal property where the value thereof does not exceed $200.

2. ABSTRACT—*what required by rule.* The rule of the Appellate Court of the Fourth District requires that the party bringing a case thereto shall furnish a complete abstract or abridgement of the record, referring to appropriate pages of the record by numerals on the margin, and that such abstract shall be indexed.

3. ABSTRACT—*when imperfect.* An abstract filed on appeal in an action of replevin, which does not contain the affidavit, the writ, the return, the justice's transcript, the instructions to the jury, or any of them, the verdict of the jury, the motion for a new trial, the judgment appealed from, nor the substance of them, or any of them, and which does not pretend to have an index, is imperfect and not in compliance with rule.

Action of replevin. Appeal from the Circuit Court of Alexander County; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

W. A. SPANN, for appellant.

DAVID S. LANSDEN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in replevin by appellee against appellant, commenced before a justice of the peace of Alexander county. From the judgment of the justice, appellant appealed the case to the Circuit Court, where it was tried *de novo* by a jury, resulting in a verdict and judgment in favor of appellee, and appellant now brings it to this court.

So far as the record discloses, appellant made no defense to the merits of the case, in either the justice court or the Circuit Court. His counsel says in his brief: "The only issue raised by appellee on the trial before the justice and in the Circuit Court was that of jurisdiction, and that it is the only question in the case." And he further says: "The only question about which there was any controversy on the trial of this case below, was that of jurisdiction of the justice of the peace, of the subject-matter of the suit. The writ of replevin commanded the constable to take two mules, two farm wagons, one set of double harness, one mower, one hay rake, one hay tedder, and one cow. The affidavit for replevin states the value of this property to be $200."

Upon this state of facts the justice of the peace clearly had jurisdiction of the subject-matter. Appellant's counsel, however, seeks in his brief and argument, to raise a question as to the actual value of the articles named in the writ, and as to those taken on the writ and claims that it exceeded $200. He also seeks, in his brief and argument, to raise a question as to whether appellee, in the justice court, released and disclaimed as to certain items.

All questions which appellant seeks to raise on this appeal, are dependent upon the true state of the record, and this is

not disclosed by the abstract. The purported abstract neither meets the requirements of rule 23 of this court, nor the requirements of the state as held in numerous decisions of both the Appellate and Supreme Courts. The rule requires the party bringing a case to this court to furnish a complete abstract or abridgment of the record, referring to appropriate pages of the record by numerals on the margin, and that such abstract shall be indexed.

The pretended abstract does not contain a complete abridgment of the record. Neither the affidavit, the writ, the return, the justice's transcript, the instructions to the jury or any of them, the verdict of the jury, the motion for new trial, the judgment appealed from, nor the substance of them or any of them are set out. And there is no pretense of an index to it.    In St. L. A. & T. H. R. R. Co. v. Will, 53 Ill. App. 649, this court said: "It is not the privilege of counsel to ignore the rules of this court, when such rules in their judgment are unnecessary." Mr. Justice Shepard of the First District, writing for that court in Douglass v. Miller, 102 Ill. App. 345, said: "We find, upon an examination of the abstract which appellant has filed, that it is defective in almost every particular which appellee has specifically pointed out. We are not at liberty, even were we so disposed, to overlook the defects, and we ought to affirm on that ground alone."

In Staude v. Schumacher, 187 Ill. 187, our Supreme Court holds upon this subject as follows: "The party bringing a case to the Supreme Court for review, must furnish a complete abstract of the record, properly indexed, such as will fully present the errors relied upon and be sufficient for the examination and determination of the questions involved, without resort to the written record."

The judgment of the Circuit Court is affirmed.

*Affirmed.*