**M. H. Hussey, Appellee, v. John Gourley, Appellant, Impleaded with David Q. Hart and Arthur Gourley.**

**Gen. No. 5,214.**

1. APPEALS AND ERRORS—*when sufficiency of evidence not saved for review.* If the bill of exceptions shown in the transcript contains no certificate by the trial judge that it contains all the evidence, nor any exception to the overruling of a motion for a new trial, nor any exception to the entry of the judgment by the court, the sufficiency of the evidence to support the verdict is not presented for review.

2. APPEALS AND ERRORS—*what abstract should contain.* In the second district by rule of court, the abstract should among other things set out every instruction given, modified or refused, and a failure to observe such rule justifies the Appellate Court in refusing to consider assignments of error predicated upon instructions.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lake county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

COOKE, POPE & POPE, for appellant.

E. V. ORVIS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action brought by appellee against appellant before a justice of the peace of Lake county to recover damages for lumber taken from a scow at Waukegan. Judgment was rendered for defendants. On appeal to the Circuit Court of said county the suit was dismissed as to all defendants except John Gourley against whom appellee, Hussey, obtained a verdict and a judgment for $20 from which the defendant appeals.

It is contended that the verdict is against the preponderance of the evidence, that the court erred in giving certain instructions for appellee, and in refusing certain instructions for appellant.

The bill of exceptions contains no certificate by the trial judge that it contains all the evidence, nor does it contain any exception to the overruling of the motion for a new trial, or to the judgment of the court. The sufficiency of the evidence to support the verdict is not presented where there is no exception to overruling the motion for a new trial, in a case tried by a jury, and no exception to the judgment of the court. Yarber v. Chicago & Alton Ry. Co., 235 Ill. 589; Climax Tag Co. v. American Tag Co., 234 Ill. 179.

Rule 16 of this court requires that the abstract shall among other things set out every instruction given, modified or refused. The abstract in this case omits seven instructions requested by appellant. It may be that some of the instructions omitted from the abstract justified the court in the action it took on the instruc-

tions that were set out or would preclude appellant from raising any question of the trial court's ruling upon them. Under a similar rule the Supreme Court has often refused to consider the rulings of trial courts upon questions omitted from abstracts. Gibler v. City of Mattoon, 167 Ill. 18; Traeger v. Mutual Building Assn., 189 Ill. 314; Kellogg Newspaper Co. v. Bldg. Assn., 210 Ill. 419. It is the duty of parties bringing cases here for review to prepare and file a complete abstract of the record in accordance with the rules, and such abstracts as we can safely rely upon. It is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome. The abstract presents no question for our consideration. We have however examined the record sufficiently to reach the conclusion that the judgment does not fail to do substantial justice, and it is therefore affirmed.

*Affirmed.*