# THOMAS S. CONSTANTINE

## *v.*

# FREDERICK C. WELLS.

1. DEFAULT—*setting aside discretionary.* A motion to set aside a default is addressed to the sound discretion of the court, and unless the discretion is wrongfully and oppressively exercised this court will not interfere.

2. The court is not required to set aside a default, even where the defendant has been guilty of no negligence, unless it is made to appear that he has a meritorious defense.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. C. K. OFFIELD, for the appellant.

Mr. J. C. LATIMER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from an order of the Superior Court of Cook county, refusing to set aside a judgment rendered by default on the 10th day of August, 1876.

The rule is well established in this State, that a motion to set aside a default is addressed to the sound legal discretion of the court, and unless it appears the discretion has been wrongfully and oppressively exercised, this court, on appeal, will not interfere. *Greenleaf* v. *Roe*, 17 Ill. 474; *Scales* v. *Labar*, 51 ib. 232.

The summons in this case was issued on the 24th day of June, 1876, returnable on the first Monday of August. Personal service was had on appellant on the 25th day of July. The summons and service were in all respects regular, and it was the duty of appellant, if he had a defense to the action, to appear on the return day of the summons and plead to the merits. This duty he disregarded; and, as we understand the affidavits filed, without any substantial or well founded reason. The appellant, in his affidavit, says he did not notify his attorney that he had been served with process for the reason, as he says, that several suits were pending between him and appellee, growing out of the same transaction, and, to use his own language, " upon one occasion he heard his attorney and plaintiff's attorney talking about each side entering their appearance and pleading, in the cases in which each respective party was defendant, and from that conversation he distinctly understood that this was to be done for the saving the trouble and expense of service through the sheriff." When or where this conversation occurred does not appear; nor does it appear that any agreement was made in regard to this action, or, in fact, any definite agreement made in regard to any cause. But even if an agreement had been made to enter the appearance of appellant, when that was not done, and a summons issued and served, appellant knew he was bound to appear on the return day and plead, and that if he failed to do so a judgment would be rendered by default. Nor does the affidavit filed by

appellant's attorney, in any manner relieve appellant of gross negligence. But if appellant had been free from negligence, the court was not bound to set aside the default, unless it appeared that he had a meritorious defense to the action.

Without entering upon a discussion of the pretended defense relied upon, we are not satisfied, from the facts set up, that appellant had a meritorious defense. We are, therefore, of opinion that the court did not err in refusing to vacate the judgment.

The judgment will be affirmed.

*Judgment affirmed.*