# JOHN W. MITCHELL
## v.
# S. W. HUGHES.

*Mutual Accounts—Conflict of Evidence—Question for Jury—Wife as Witness—Competency of—Bill of Exceptions.*

1.   Where the evidence is conflicting and the record discloses no error in the instructions, admission of improper evidence, nor misconduct or prejudice of the jury, this court will not interfere with the verdict.

2.   In an action involving an account for board, it is *held:* That the testimony of the plaintiff's wife, to the effect that her husband was absent most of the time and that in his absence she managed the hotel for him, is sufficient proof of her agency to render her a competent witness.

3.   This court declines to consider an objection, first raised in the brief for appellant, that the bill of exceptions which appears in the record is not marked filed by the clerk of the court below.

[Opinion filed October 5, 1887.]

APPEAL from the Circuit Court of Saline County; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. CHRISTY & LEWIS and PARISH & PARISH, for appellant.

Messrs. W. H. BOYER and W. V. CHOISSER, for appellee.

WILKIN, J.   The point is made by counsel for appellee that the bill of exceptions in this record does not appear to have been filed in the office of the clerk of the Circuit Court of Saline County, and should therefore be disregarded. It seems to have been duly signed by the Circuit Judge who tried the case, within the time fixed by his order upon overruling the motion for a new trial.   It appears in the complete record certified by the clerk.   The objection that it is not marked filed is first raised by appellees in the brief and argument filed in the case, and for the purposes of the argument on the merits both sides treat it as a bill of exceptions in the case, and we shall so consider it in this decision.

Mitchell v. Hughes.

The action grows out of a dispute between the parties as to the state of accounts between them, running over a term of several years. Appellee had judgment below for $314.18, and for costs. He claimed a much larger amount, and appellant contended he owed him nothing. In this court appellant urges but two grounds of reversal, and they may be very briefly disposed of.

One item in the account of appellee was a charge of $300 for boarding railroad hands for appellant in 1872. On the trial he introduced as a witness to prove that item, Nancy P. Hughes, his wife, who was objected to by appellant on the ground that, being the wife of appellee, she was incompetent. The objection was overruled. Before the objection was made she had testified: "I am the wife of the plaintiff; S. W. Hughes was running a hotel that year. He was absent almost all the time. *I run the hotel for him.*" This is sufficient proof of her agency in the conduct of her husband's business to make her a competent witness in his behalf as to that particular business, and on that branch of the case the ruling of the court below was right. Sec. 5, Chap. 51, R. S.

The remaining ground of reversal insisted upon and argued at great length is, that the verdict of the jury is contrary to the evidence. It is not contended that there is no evidence to support the finding, but it is claimed that the verdict is manifestly contrary to the weight of the evidence, and for that reason the judgment should be reversed.

We have carefully considered the elaborate review of the evidence by counsel on both sides, and in connection therewith examined the testimony. We do not find it easy to arrive at a satisfactory conclusion as to the true state of account between the parties. We have experienced the disadvantage at which a court of review is always placed in settling disputed questions of fact, by being deprived of the privilege of seeing the witnesses and hearing them testify.

Nothing, however, appearing in the record to show the slightest misdirection to the jury in instructions, nor the improper admission or rejection of testimony, nor misconduct or prejudice of the jury, we are unauthorized by the evidence

to substitute our conclusion for theirs, and especially as it has the indorsement of the trial Judge, who, with them, had the better opportunity to weigh and give credit to the evidence of the various witnesses. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*