## Necter Rousseau v. Joseph Poitras.

1.  FINAL CERTIFICATE—*Essentials of.*—To constitute a certificate given by the superintendent of work, a final one, it is not essential that it be therein declared to be such.  If apparently in balance or satisfaction of all claims, it is sufficient.

2.  APPELLATE COURT PRACTICE—*Evidence to be Abstracted.*—Matters of evidence on which counsel rely should be abstracted; it is not sufficient to refer to a contract as to be found in the record, if it is desired to base an argument upon it.

**Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of Cook County; the Hon. ELLRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895.  Affirmed.  Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

On May 2, 1892, the plaintiff, Joseph Poitras, entered into a written contract with the defendant, Necter Rousseau, to erect for the latter a building at No. 251 West Congress street, Chicago.  It was provided, with other things, in the contract, that the work should be wholly finished by the first day of August, 1892, and that in default thereof the plaintiff should pay to the defendant $5 for every day thereafter that the said work remained incomplete, as liquidated damages.  It is claimed that the work contracted for was not wholly finished until the early part of October, 1892.

On October 26, 1892, plaintiff brought suit against defendant before a justice of the peace in Cook county, to recover an alleged balance due him on account of the work performed under said contract, and also for services rendered and material furnished in connection with another building. Defendant claimed a set-off by reason of the delay and the alleged defective nature of plaintiff's work.  The justice rendered judgment for $30 against defendant, who then took an appeal to the Circuit Court, where the same claims were made by plaintiffs, and the same set-offs advanced by de-

fendant as had · been introduced before the justice. A verdict of $112 was returned against defendant, upon which judgment was subsequently rendered. To reverse this judgment defendant brings the case to this court by appeal.

Upon the trial the plaintiff introduced the following certificate:

"$20.00.                    CHICAGO, October 22, 1892.

To Necter Rosseau,

This is to certify that Joseph Poitras, contractor for the carpenter work of your stable at 251, 3 and 5 W. Congress St., is entitled to a payment of twenty dollars, by the terms of contract.

                Contract price...........$4,900.
                Extra work..............   73.
        .       Total Amt. issued........ 4,973.    Remarks:

                Balance...............$0,000.
                                    J. T. FORTIN,
                                    Superintendent."

The contract under which the work was done, contained the following:   ·

" It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment shall be conclusive evidence of the performance of this contract, either wholly or in part, against any claim of the owner, and no payment shall be construed to be an acceptance of any defective work."

WILLIAMS, HOLT & WHEELER, attorneys for appellant.

THEO. PROULX, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

To constitute a certificate, given by the superintendent of work, the final one, it is not essential that it be therein declared to be such. The certificate, dated October 22, 1892,

appears to be final, because it is apparently in balance or satisfaction of all claims. The parties might have stipulated that no certificate should be considered final unless it was declared therein that it was so, but we find no such stipulation, nor was it necessary, so far as appears, that the superintendent should declare in such certificate that the work had been done to his satisfaction.

The superintendent testified that the certificate in question was given under an arrangement for a release of all claim by reason of delay in doing the work, and that appellant authorized the witness to give the certificate.

The verdict of the jury was warranted by the evidence.

Matters of evidence, upon which counsel rely, should be abstracted; it is not sufficient to refer to a contract as to be found in the record, if one desires to base an argument upon the terms of such instrument.

The judgment of the Circuit Court is affirmed.