## Adolph Arnold, Herman Arnold, Theodore Arnold and Benjamin Baker v. Gottlieb Gehring.

1. APPELLATE COURT PRACTICE—*What the Abstract Must Show.*— Where a party desires to raise the question of proof of a joint liability in the Appellate Court he must present an abstract showing the evidence upon which he relies to sustain his point. Otherwise the court will not go to the record for the information.

Assumpsit, for money deposited in a bank. Trial in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Ver-

dict and judgment for plaintiff.  Defendant appeals.  Heard in this court at the March term, 1898.  Affirmed.  Opinion filed May 26, 1898.

ESCHENBURG & WHITFIELD and SAMSON & WILCOX, attorneys for appellants.

HENRY M. COBURN, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

· This was an action of assumpsit by appellee against appellants.  The appellants, Adolph Arnold, Herman Arnold and Theodore Arnold, filed jointly a plea of non-assumpsit, and also, jointly, a plea of non-joint liability, verified.  Benjamin F. Baker, appellant, filed like pleas.  The pleas of non-joint liability are not abstracted.

The appellants' counsel object that the plaintiff (appellee here) failed to prove partnership or joint liability of the defendants.  The proof was that Adolph Arnold, Hermon Arnold, Theodore Arnold, Benjamin F. Baker, the appellants, and Arthur J. Howe and C. A. Bodenschatz, were partners.

The abstract does not show that there were any defendants to the suit except the appellants above named, but for aught the court can know to the contrary from the abstract, the above persons, proved to be partners, were all defendants to the suit, and judgment was rendered against all of them.  Appellants' counsel, in his argument, says C. A. Bodenschatz was not a party to the suit, and intimates that G. A. Bodenschatz was; but this does not, in any way, appear in the abstract, and the court, looking to the abstract, can not determine whether the persons proved to be partners were, or not, the persons sued, and against whom judgment was rendered, and the court will not, in this case, go to the record for information.  Gibler v. City of Mattoon, 167 Ill. 18; Dickenson v. Gray, 72 Ill. App. 55.

Appellants were bankers, and the suit is to recover the amount of deposit made at their bank by appellee.  One of the conditions of the withdrawal of money from the

bank by a customer or depositor appears to have been the presentation by the depositor of his pass book at the counter of the bank, and appellants' counsel object that there was no proof of such presentation. The appellee testified as follows: " After the bank was broke I told them I wanted my money. I didn't get it back." This was all the evidence on the question. Appellee was not cross-examined, not was any evidence introduced to contradict him. We are of opinion that this evidence was sufficient to justify a finding that the bank had failed and was insolvent before suit brought, in which case the law did not require the presentation of the pass-book. Arnold v. Hart, 75 Ill. App. 165.

It is further objected that the interest allowed by the verdict and judgment is too much by the sum of $1.47. The conditions introduced in evidence as to how interest on deposits should be reckoned and for what times, etc., are quite complicated. It was proved on the trial that the interest reckoned in the prescribed manner was $28.62, the amount allowed, and no evidence was introduced to the contrary.

The judgment will be affirmed.