HENRY H. GAGE

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 23, 1904—Rehearing denied October 13, 1904.*

1. SPECIAL ASSESSMENTS—*when it is proper to enter default against objector.* Default is properly entered at the hearing of objections in a special assessment proceeding where the objector fails to appear after notice and makes no attempt to sustain objections.

2. SAME—*when motion to set aside default is properly denied.* A motion to set aside a default is properly denied where the evidence in support of the motion fails to show that the defendant was not negligent in suffering default or that he had a meritorious defense.

3. APPEALS AND ERRORS—*court will not search transcript for error.* The Supreme Court will not search the transcript of the record to find grounds for reversal which have not been made to appear in the abstract of record.

4. SAME—*points made in reply brief for first time are not considered.* Under rule 15 of the Supreme Court (204 Ill. 14) a point not made in appellant's original brief will not be considered, though urged in the reply brief.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

F. W. BECKER, for appellant.

WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment entered in the county court of Cook county on November 18, 1903, confirming a special assessment for the purpose of providing for the cost of a sidewalk on Ridgeway avenue, in the city of Chicago. The petition for the confirmation was filed on January 11, 1901. Appellant filed certain objections thereto, among others one to the effect that the engineer's estimate of the cost of the proposed improvement was not made a part of the record of the first resolution of the board of local improvements. The county court overruled all objections, and a judgment was entered on July 10, 1901, confirming the assessment. Gage, the present appellant, then appealed to this court, where the judgment was reversed and the cause remanded on April 16, 1902, (*Gage* v. *City of Chicago*, 196 Ill. 512,) for the reason that the cost of making and collecting the assessment was included in the judgment of confirmation. On July 25, 1902, an order was entered in the county court re-docketing the cause, reciting that the mandate of the Supreme Court had been filed in the county court on July 14, 1902, and that due notice had been given that a motion would be made on July 25, 1902, by the city of Chicago to re-docket said cause and for further proceedings in conformity with the opinion of the Supreme Court; and the record further shows, Gage not appearing, he was defaulted. The assessment roll was then reduced as to each piece and parcel of real estate by the amount which had been included in that roll as the cost of making and collecting the assessment, and it was then ordered that the objections theretofore filed by Gage should stand to the assessment so reduced, and it was further ordered that said objections be and they were overruled. Thereafter, on November 18, 1903, Gage appeared in the county court and moved to set aside the order of July 25, 1902, because the court was without jurisdiction to enter

the same on account of the fact that the engineer's esti-
mate of the cost of the proposed improvement was not
made a part of the record of the first resolution of the
board of local improvements, and in support of that mo-
tion offered in evidence from the record of the board the
first resolution pertaining to this improvement and the
resolution of that board adopted at the public hearing.
The court overruled the motion, and then it appears from
the record of the court that Gage was again called but
came not, in person or by attorney, but made default,
which was entered of record against him. A jury was
then empaneled, and, after a verdict, judgment was en-
tered confirming the assessment, and Gage appeals.

It is now assigned as error, first, that the court below
erred in defaulting this objector on the hearing of legal
objections on July 25, 1902, and in defaulting him later
on November 18, 1903, for the reason that his objections
were on file in both instances; second, in overruling the
motion to set aside the order of July 25, 1902, and in en-
tering judgment, for the reason that the court was with-
out jurisdiction of the cause.

It appears that the proceedings of July 25, 1902, were
had pursuant to notice, as above recited. The objections
were still on file. The first thing in the regular course
of the suit would be to dispose of those, and as Gage did
not respond to the notice it was entirely proper to take
a default before proceeding, for the purpose of showing
by the record that there had been no appearance of ap-
pellant pursuant to that notice.

The motion entered by appellant on November 18,
1903, is a motion to set aside the default. That motion
should not have been allowed, because it was not sup-
ported by an affidavit. (Hurd's Stat. 1903, chap. 110,
sec. 40.) If the reception by the court, without objec-
tion, of the evidence offered in support of this motion be
deemed a waiver of the affidavit, still the motion should
have been overruled, because the evidence offered failed

to show that appellant had not been negligent in suffering default and did not show a meritorious defense to the proceeding. (*Constantine* v. *Wells*, 83 Ill. 192; *Little* v. *Allington*, 93 id. 253.) There was no attempt at all to remove the imputation of negligence, and it does not certainly appear from the evidence offered, as abstracted, that the original estimate of the engineer was not made a part of the record of the first resolution of the board of local improvements.

Where a party seeks to have a judgment reversed, the error must be made to appear by the abstract. We will not examine the transcript of the record for the purpose of finding cause for reversal. *City Electric Railway Co.* v. *Jones*, 161 Ill. 47; *Gibler* v. *City of Mattoon*, 167 id. 18.

The objection to the jurisdiction of the court is based upon the alleged existence of the same defect, viz., the fact that the estimate in question was not made a part of the record of the first resolution. There was no attempt to make this appear in the court below except by the evidence offered in support of the motion to set aside the default. There is therefore nothing upon which to base this assignment of error.

By his brief in reply, appellant makes the point that the notice given him of the application to re-docket the cause and to proceed therein, as recited by the record of the county court, is not in accordance with the requirements of the statute, and that for this reason the county court did not have jurisdiction of his person on July 25, 1902, and was without jurisdiction to default him or to overrule his objections at that time. Following rule 15 of this court, we will not consider this question because it was not raised by the original brief for appellant.

The judgment of the county court will be affirmed.

*Judgment affirmed.*