### Edward L. Thornton v. M. Muus.

#### Gen. No. 11,922.

1. HUSBAND—*when competent as witness in suit by wife.*    A
husband is competent as a witness in an action instituted by his wife
where the knowledge of the facts to which he testifies came to him di-
rectly from his acts of agency in and about his wife's business and re-
late to a contract in dispute which was entered into by him as her
agent.

2. ABSTRACT—*effect of furnishing incomplete.*    The Appellate Court
will not go into the record in search of information which appellant
should have furnished in the abstract, for the purpose of ascertaining if
the case should not be reversed.

Action of assumpsit.    Appeal from the Superior Court of Cook
County; the Hon. WILLARD M. McEWEN, Judge, presiding.    Heard in
this court at the October term, 1904.    Affirmed.    Opinion filed May 1,
1905.

ELMER H. ADAMS, for appellant.

EDWARD U. FLIEHMANN, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the
court.

Muus sued Thornton in assumpsit for labor done and
materials furnished in the repair of certain premises.    The
title to these premises was in dispute, and in the effect to
adjust the differences the property had been deeded to
Thornton in trust.    Thereupon Thornton consulted with

one Busby, who held an encumbrance on the property, and was told by him that the property was owned by the Insurance Company of North America, and that he, Busby, had employed one Colcord, an architect, to attend to the repairs and had $1,000 on hand to pay for the work, which would probably exceed that sum. Thornton told Busby to go ahead provided the excess of cost should be taken out of the rents. Busby afterward made the contract here in issue with Muus and signed it in the name of Thornton. Busby says that at the time Muus took this contract he was told the manner in which the payments were to be made. It is not contended that Muus did not perform his part of this contract fully and to the satisfaction of all concerned; nor is it disputed but that Colcord gave him a certificate showing the completion of the work and that there remained yet due and unpaid thereon the sum of $200.

Muus, Busby and Colcord each say that Thornton was at the building several times and gave directions as to part of the work. Muus took the certificate to Thornton at the request of Busby, and Thornton paid him $75 thereon. This suit is for the remainder of $125. During the trial Thornton filed an affidavit that the name Edward L. Thornton attached to said contract is not his signature nor was the same signed with his consent, knowledge or authority.

The cause was heard by the court, a jury having been waived, and a finding for the plaintiff in the sum of $125 was entered, whereupon the defendant took this appeal.

The objection to the competency of Adolph Muus on the ground that he was the husband of the plaintiff is not well taken. The knowledge of the facts to which he testified must have come to him directly from his acts of agency in and about her business, and related to the contract here in dispute, which was entered into by him as her agent. Sec. 5, Ch. 51, R. S.; Mitchell v. Hughes, 24 Ill. App. 308; Sargeant v. Marshall, 38 Ill. App. 642.

Appellant contends that he is not bound by the contract

to which his name was affixed by Busby. The issue here, so far as appellant is concerned, is as to the validity or invalidity of the contract. No copy of this contract is to be found in the abstract. This court will not determine from an imperfect abstract the merits of a case, or the correctness of the rulings of the trial judge. We will not go into the record in search of information which appellant should have furnished in the abstract, for the purpose of ascertaining if the case should not be reversed. The rule requiring the furnishing of a complete abstract or abridgment of the record must be obeyed. Mallers v. Crane, 57 Ill. App. 284; Fitzgerald v. Barker, 58 Ill. App. 605; Poppers v. Perkins, 61 Ill. App. 250; Leverenz v. Elder, 65 Ill. App. 80; March v. Strobridge, 79 Ill. App. 685; Amundson v. Empire, 83 Ill. App. 441; Douglass v. Miller, 102 Ill. App. 345; Gibler v. Mattoon, 167 Ill. 22; Staude v. Schumacher, 187 Ill. 188; Thompson v. People, 192 Ill. 81.

But if we assume that this contract was executed as appellant contends, still we think the finding is not manifestly against the evidence.

The judgment of the Superior Court is affirmed.

*Affirmed.*