## Frederick Bergewisch et al., Appellants, v. United States Packing Company, Appellee.

### Gen. No. 16,447.

1. APPEALS AND ERRORS—*when pro forma affirmance justified.* If the abstract does not show any motion for a new trial or an arrest of judgment or any finding or judgment of the court below, and does not show any prayer for appeal, or any ruling of a court in respect to such matters or any exceptions to rulings or decisions, a *pro forma* affirmance may be ordered.

2. PRACTICE—*effect of failure to present propositions of law.* The failure of a party to present propositions of law to be passed upon by the court does not preclude the right of such court to enter judgment in favor of such party.

Appeal from the Circuit Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 12, 1912.

HENRY W. LEMAN and FRANK H. CULVER, for appellants.

LACKNER, BUTZ & MILLER, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

This is a suit brought by the appellants against the appellee for an alleged breach of contract in failing to deliver a quantity of storage packed eggs. The record is in two parts, only one of which has been abstracted. The abstract of record does not show any motion for

a new trial, or in arrest of judgment, nor any finding or judgment of the court below; neither does it show any prayer for appeal, nor any rulings of the court in respect to such matters, nor any exceptions to rulings or decisions. We would be justified in affirming the judgment for this failure to comply with the rules. Thornton v. Muus, 120 Ill. App. 422; Thompson v. People, 192 Ill. 79.

The judgment must be affirmed on the merits of the case. It would seem that the minds of the parties never met. The contract is based upon certain letters which passed between the parties, and a telegram. The telegram received by the appellee reads differently from that claimed by the appellants to have been delivered to the telegraph company for transmission. The entire case of appellants seems to rest upon this telegram so claimed to have been delivered to the telegraph company for transmission, but which, as stated, was not in the form received by appellee.

On May 2, 1909, the appellee, which is a Chicago corporation, quoted to the appellants, a Cincinnati firm, No. 1 storage packed eggs at 15¾ cents per dozen. The appellants replied May 5th, asking for other eggs, namely Northern eggs, chips and rottens taken out, No. 1 packing, and stating in their letter that they wanted No. 1 stock. On May 6th the appellee replied to the letter of May 5th, stating in effect that it could not fill the order with the best of storage packed eggs and that it was not then candling any eggs. The letter then proceeds: ''If you would be content to accept our best mark of storage packed eggs, candling waived, we would be glad to put in 300 cases for you within the next week or ten days   *   *   *''

On May 8th appellee received the following telegram from appellant:

''Received letter. Will take 400 cases per your letter of the 6th, which includes our grade, waiving candling. Shipping directions by letter.''

The message as claimed to have been delivered to

the telegraph company by appellants, reads as follows:

"Received letter. Will take 400 cases per your letter of the 6th, which includes our grade of 5th, waiving candling. Shipping directions by letter."

After writing two letters asking for shipping directions, the appellee on May 23rd stored 397 cases of eggs in Western Warehouse M, at Chicago, notified appellants to that effect, enclosing invoice and insurance policy, and it also notified appellants that it was drawing upon appellants for the amount, with warehouse receipt attached. This draft was refused by the appellants and was protested. Later on this suit was brought for the difference between the market value of the eggs of the class claimed by appellants to have been bought of appellee, and the contract price.

In our opinion, after a careful examination of the record, the appellants failed to show that the eggs which had been delivered in pursuance of the order were not of the quality which appellants now claim were to be delivered. We think there was a total failure to prove the allegation of the declaration in this regard.

The appellants urge that the judgment should be reversed because section 61 of the Practice Act, being chapter 110 of the Revised Statutes, was not complied with. This section reads as follows:

"61. TRIAL BY COURT.—SPECIAL FINDING. Upon a trial by the court either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write 'refused' or 'held', as he shall be of opinion is the law, or modify the same, to which either party may except as to other opinions of the court. *In any case so tried the court shall find specifically upon any material question or questions of fact, which shall be submitted in writing by either party before the commencement of the argument.*"

Certain written propositions were offered by the appellants and were passed upon by the court and

marked either "refused" or "held." No objection is urged to the court's action in this respect.

The curious point is made that because appellee, who was the defendant below, did not tender any propositions of law, therefore judgment could not be rendered in its favor and against the plaintiff. It is quite true that if the plaintiff had been successful in the court below, and the defendant had not tendered any proposition of law, no questions of law would have been reserved for decision by the court except such as were raised by propositions submitted by the plaintiff, if any, or by demurrer to the evidence if one was interposed. Smith v. Billings, 169 Ill. 294. We know of no provision in the statutes requiring the successful party to submit propositions of law in order to maintain his judgment, when the correctness of it is challenged on appeal, and the appellants have cited to us no case establishing such a rule,—presumably because no such case is to be found.

We find no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*