Love v. Dick et al., 177 Ill. App. 98.

E. LESLIE COLE, for appellant.

ROBERT B. DAVIES, for appellee.

---

## Dumont Love, Appellee, v. Herman E. Dick and Howard H. Gross, Appellants.

### Gen. No. 17,872.

1. APPEALS AND ERRORS—*sufficiency of abstract.* An assignment of error that the verdict is against the weight of the evidence will not be considered where only part of the testimony and almost none of the exhibits are abstracted and the abstract presents no adequate idea of the character and nature of the evidence relied on and refers to no objection taken.

2. APPEALS AND ERRORS—*abstract of instruments.* An instrument is not abstracted where a mere reference is made to it in the abstract.

3. APPEALS AND ERRORS—*abstracts.* Errors relied on for reversal must appear by the abstract, and the Appellate Court will not search the record for grounds of reversal to give proper consideration to errors assigned.

4. APPEALS AND ERRORS—*sufficiency of abstract.* Judgment may be affirmed on appeal where the rule requiring the abstract to be sufficient to fully present every error and exception relied on is not complied with.

Appeal from the Circuit Court of Cook county; the Hon. WM. FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 28, 1913.

JOHN T. EVANS, for appellants.

No appearance for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Only one of the assignments of error is argued in appellant's brief, and for want of a sufficient abstract, neither it nor the others can be considered, even were we disposed to consider those not argued. The one argued is that the verdict is against the weight of the evidence. Only part of the testimony covering nearly 600 pages, and practically none of the exhibits, covering nearly 100 pages, and certified here for inspection, are abstracted. Matters that must necessarily be relied upon to support said assignments of error are not abstracted, and in some instances not even referred to. As prepared the abstract presents no adequate idea of the character and nature of the evidence relied on in support of the assignment argued. It refers to no objection taken, contains only one of the given and one of the refused instructions, and makes no reference to what evidence was improperly received or rejected.

As a condition to review evidence relied on must be abstracted (Arnold v. Gehring, 76 Ill. App. 486; Rousseau v. Poitras, 62 Ill. App. 103) and the exhibits also (Rehfuss v. Hill, 243 Ill. 140; Thornton v. Muus, 120 Ill. App. 422) and should be so fully or fairly abstracted as to obviate the necessity for inspection of the record by court or counsel. York v. Scott, 140 Ill. App. 178. Merely referring to an instrument, as is

done with regard to much of the evidence is not making an abstract of it. Gilbert v. Coons, 37 Ill. App. 448.

Where a party seeks to have a judgment reversed the errors must be made to appear by the abstract. Gage v. City of Chicago, 211 Ill. 109. To give proper consideration to any one of the errors assigned would require this court to search the record for grounds of reversal. This it will not do. Gage v. City of Chicago, *supra;* Gibler v. City of Mattoon, 167 Ill. 18.

The rule requiring the abstract to be sufficient to fully present every error and exception relied on is not complied with, and the judgment will accordingly be affirmed.

*Affirmed.*