# Edward H. Salisbury, Plaintiff in Error, v. William E. Deutsch, Defendant in Error.

## Gen. No. 17,264.

1. APPEALS AND ERRORS—*when abstract insufficient.* An abstract does not comply with the rules of the appellate court where what is termed a "certificate of the evidence" appearing in the transcript of the record consists of 103 pages and is abstracted in less than five pages, and where much of the apparently material evidence is not abstracted and none of the several written instruments introduced are abstracted.

2. APPEALS AND ERRORS—*effect of insufficient abstract.* Where the appellant furnishes an incomplete abstract, it is not the duty of the appellate court to search the record for reversible error.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed April 21, 1913.

ELMER H. ADAMS, DWIGHT S. BOBB and ASA G. ADAMS, for plaintiff in error.

M. A. BAMBOROUGH, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the plaintiff in error, brought a suit against the defendant to recover $37.50 for one month's rent of a flat. The defendant denied liability and also filed a set-off. On a trial the jury returned a verdict for the defendant on both issues and assessed defendant's damages at $18.75, for which the court entered judgment against the plaintiff.

The abstract filed by the plaintiff does not comply with the rules of the court. What is termed a "certificate of evidence," appearing in the transcript of the record, consists of 103 pages and is abstracted in less than five pages. Much of what appears to be material evidence upon the part of the defendant is not

abstracted; nor are any of the several written instruments introduced in evidence abstracted. We fail to appreciate the opportunity of doing the work devolving upon counsel, and are not disposed to search the record for the information that the plaintiff should have furnished in the abstract. In Thornton v. Muus, 120 Ill. App. 422, the court cites many authorities in support of the rule there announced to the effect that where an appellant furnishes an incomplete abstract, in violation of the rule, it is not the duty of the court to search the record for reversible error. There are many other authorities to the same effect, and from what appears of the case at bar in the abstract, we have no inclination to hesitate in the enforcement of the rule.

The judgment is affirmed.

*Affirmed.*