## White Oak Coal Company, Defendant in Error, v. John Worthington, Plaintiff in Error.

### Gen. No. 19,113.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and judgment here. Opinion filed October 7, 1914.

### Statement of the Case.

Action by White Oak Coal Company against John Worthington to recover $679.11 for coal delivered at and consumed in heating an apartment building owned by defendant.

One Ebbert, a coal salesman employed by the plaintiff, was a tenant of the defendant for the term of one year beginning May 1, 1910, at a rental of $60 a month, payable in advance. Ebbert paid the rent for May, June and July, 1910, in cash, and thereafter until December 12, 1910, at his solicitation, the defendant accepted coal for the rent accruing to February 1, 1911. This coal was procured by Ebbert from Thos. W. Gilmore & Co. and delivered at the building. In the latter part of January, 1911, defendant directed Ebbert to fill up the basement of the building with coal, and Ebbert communicated this order to the bookkeeper or local manager of the plaintiff and plaintiff delivered the coal in question during February and March, 1911. During this time Robert F. Schenck, or Robert F. Schenck & Co., were the rental agents of defendant for the apartment building, and the charges for the coal so delivered were entered upon the books of the plaintiff against R. F. Schenck & Co., and the two invoices for said coal, bearing date March 1, 1911, and April 1, 1911, respectively, were made out as follows:

"Sold to......................R. F. Schenck, Agt.
Delivered...................J. Worthington Bldg.
45th & Drexel, Address 100 Washington St."

Statements of the coal delivered were sent by the plaintiff to Schenck and by him were sent to the defendant. Ebbert vacated the apartment at the end of his term on May 1, 1911, without having paid the rent for February, March and April, amounting to $180.

Upon a trial of the cause by the court without a jury there was a finding and judgment against defendant for $499.11, the full amount of plaintiff's claim, less $180, being the amount of rent due from Ebbert to the defendant. To reverse this judgment, the defendant prosecutes a writ of error and the plaintiff assigns cross-errors questioning the propriety of the action of the court in allowing to defendant, as a credit upon plaintiff's claim, the rent due from Ebbert.

ROBERT B. CLARK, for plaintiff in error.

CHARLES HUDSON, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 50*—*liability for coal procured for benefit of another.* In an action for the purchase price of coal delivered and consumed at defendant's apartment building, where defendant claimed that he directed a tenant in his building to procure the coal on his own credit under an agreement with him that he should pay his rent in coal, *held* that a finding that defendant was primarily liable for the coal was sustained by the evidence, it appearing that the tenant was not indebted to defendant at the time he ordered the coal and that the amount of the coal ordered was too great to apply on rents to become due, but *held* that the further finding that defendant was entitled to a deduction of a sum due him from the tenant for rent which accrued after the coal was ordered, could not be sustained for the reason there was no proof tending to show that plaintiff consented to or acquiesced in the allowance of the deduction.

2. SALES, § 285*—*what not an election to discharge person for whose benefit coal was purchased.* The fact that a seller of coal gave

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

credit in the first instance to an agent of the person to whom the coal was delivered and the fact that the plaintiff first commenced an action against the agent, *held* not conclusive of an election by the seller to discharge the principal.

3. APPEAL AND ERROR, § 864*—*necessity that evidence appear in abstract.* The Appellate Court is not required to search the record for evidence which does not appear in the abstract of record.