### DETERMINED IN THE

## FOURTH DISTRICT

### OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1919.

## Harry B. Dunlap, Appellee, v. Brotherhood of Railway Trainmen, Appellant.

1. APPEAL AND ERROR, § 892*—*when judgment will be affirmed for failure to file proper abstract.* The judgment below was affirmed in a case where appellant signally failed to comply with rule 23 of the Appellate Court relating to the contents of abstracts, by failing to show the pleas to which a demurrer had been sustained, the instructions and necessary orders in its abstract; and the fact that some of the pleas and instructions were set out under appellant's statement with its brief was unavailing.

2. APPEAL AND ERROR, § 866*—*what is effect of rules of court regarding abstracts.* Rules of court respecting the making and filing of abstracts have the force of law and are obligatory upon the court as well as the parties and must be enforced according to their terms while in force.

3. APPEAL AND ERROR, § 892*—*when judgment will be affirmed for failure to file proper abstract.* Where appellant's special pleas to which a demurrer had been sustained, did not appear in the abstract either *in hæc verba* or in substance, and where neither the demurrer, the instructions, the verdict, the judgment, nor the motion for new trial and the ruling of the court thereon was shown, they were not before the court for consideration, and consequently

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the error assigned in sustaining the demurrer to the pleas was not considered, and the judgment for plaintiff was affirmed.

4. APPEAL AND ERROR, § 892*—*when court will not search record for grounds for reversal.* Courts of review will not go to the record to find reasons for reversing or affirming the judgment, or for reasons for reversal not shown by the abstract.

Appeal from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 12, 1919. Rehearing denied June 6, 1919.

W. C. COLLISTER and W. P. LAUNTZ, for appellant.

T. M. WEBB, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Suit was started in the Circuit Court of St. Clair county by Harry B. Dunlap, appellee, against the Brotherhood of Railway Trainmen, appellant, under a benefit certificate issued by appellant to appellee providing for benefits in case of personal injury of a member.

The declaration was based on the certificate, and appellant filed three special pleas and the general issue. A demurrer to the special pleas was sustained and there was a trial on the declaration and the plea of the general issue. At the conclusion of all the evidence appellant asked for a peremptory instruction, which request was refused. Upon motion of appellee the court then directed the jury to find the issues in favor of appellee and assess his damages at $1,968.55, which was done. Motions for new trial and in arrest of judgment were overruled, judgment was rendered on the verdict, and the case was brought to this court reversed and remanded. (206 Ill. App. 209.) The case was redocketed in the Circuit Court of St. Clair

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

county, and appellee filed an amended declaration, to which appellant filed a plea of general issue and seven special pleas. Appellee demurred to the special pleas, the demurrer was sustained, there was a trial with a jury on the amended declaration and the plea of general issue, resulting in a verdict in favor of appellee in the sum of $1,872.80, judgment was rendered thereon and the case brought to this court a second time. The errors assigned are: (1) Sustaining appellee's demurrer to appellant's special pleas; (2) admitting improper testimony for appellee; (3) refusing to give appellant's peremptory instruction at the close of appellee's testimony; (4) excluding proper testimony offered by appellant; (5) refusing to give appellant's peremptory instruction at the close of all the testimony; (6) giving appellee's instructions; (7) refusing proper instructions offered by appellant; (8) denying appellant's motion for new trial and rendering judgment on the verdict; and (9) that the judgment is contrary to the law and the evidence.

While appellee earnestly insists that the case should be affirmed on its merits, he contends that the judgment of the Circuit Court must be affirmed because appellant has failed to comply with the rules of this court and the law in the preparation of the abstract. The abstract fails to set forth, *in hæc verba* or in substance, either of the seven special pleas of appellant to which appellee's demurrer was sustained, the demurrer thereto, the instructions, the verdict of the jury, the judgment of the court, the motion for a new trial or the ruling of the court thereon. Rule 23 of this court provides that: "In all cases, the party bringing a case into court, shall furnish a complete indexed abstract or abridgment of the record therein, referring to appropriate pages of the record by numerals on the margin, and shall cause such abstract to be printed in a neat and workmanlike manner," etc.

While, under its statement with its brief, appellant set out eight pleas and a number of instructions, it is at once apparent that it signally failed to comply with rule 23 of this court. Rules of court respecting the making and filing of abstracts have the force of law and are obligatory upon the court as well as the parties, and must be enforced according to their terms while they remain in force. *Lancaster v. Waukegan & S. W. Ry. Co.*, 132 Ill. 492; *Cahill v. Printy*, 138 Ill. App. 600.

The object of rules governing the preparation for and presentation of cases in this court is to facilitate the orderly disposition of business and expedite the prompt administration of justice. Litigants have a right to expect other litigants as well as the court to comply with its rules. This court has said: "We have no right to waive the enforcement of these rules as a matter of favor in any case without granting the same indulgence in other cases, and thus effectually suspending the operation of the rules altogether." *Spain v. Thomas*, 49 Ill. App. 249.

It is the duty of parties to prepare and file complete abstracts in accordance with the rules. It is not the duty of the court to perform this work for counsel. The rule is the same in all cases and should not be relaxed. *Gibler v. City of Mattoon*, 167 Ill. 18.

Courts of review will not go to the record to find reasons for reversing or affirming the judgment, or for reasons for reversal not shown by the abstract. *Gage v. City of Chicago*, 211 Ill. 109; *Friedlander v. Edgerton*, 182 Ill. App. 391; *Biggs v. Peoria & P. U. Ry. Co.*, 182 Ill. App. 613; *White Oak Coal Co. v. Worthington*, 188 Ill. App. 567.

Where appellant furnishes an incomplete abstract, in violation of the rule, it is not the duty of the court to search the record for reversible error. *Salisbury v. Deutsch*, 178 Ill. App. 633; *Love v. Dick*, 177 Ill. App 98, and cases there cited.

In *Cahill v. Printy, supra,* the Appellate Court of the first district uses this language: "What is relied upon as error must be set out in the abstract, and alleged errors not based upon anything appearing in the abstract of record will not be considered by the court," citing many holdings of the Appellate Court of this State to that effect.

Appellant's seven special pleas, not appearing in the abstract, are not before us for consideration and consequently we must decline to consider the error assigned in sustaining the demurrer thereto. *First Nat. Bank of Manlius v. Garland,* 160 Ill. App. 407; *Zinkl v. Aluminum Co. of America,* 169 Ill. App. 191.

As neither the special pleas, the demurrer thereto, appellee's instructions, appellant's refused instructions, nor the motion for a new trial appears in the abstract, this court is not in position to consider the other errors assigned. *City Electric Ry. Co. v. Jones,* 161 Ill. 47; *City of Roodhouse v. Christian,* 158 Ill. 137; *Chapman v. Chapman,* 129 Ill. 386.

To consider any one of the errors assigned would require this court to search the record for grounds of reversal. This it will not do. *Gage v. City of Chicago, supra; Gibler v. City of Mattoon, supra; Love v. Dick, supra.*

As under the numerous authorities discussed referred to, it is manifest the abstract is not sufficient to present any of the errors assigned, the judgment will be affirmed.

*Affirmed.*